UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAYLOR BEAN & WHITAKER
MORTGAGE CORP. and FEDERAL
DEPOSIT INSURANCE CORPORATION,

    Plaintiffs,

v.                                             Case No:  2:12-cv-595-Ftm-99SPC

LENNAR CORPORATION, U.S. HOME
CORPORATION, NORTH AMERICAN
TITLE COMPANY, AYLA D. BURNETT,
CHARLES M. BURNETT, PEGGY
FERGUSON, JENNIFER WHITE, JULIE
WHITE, UTAH EXCHANGE GROUP,
ASPEN HOME LOANS, LLC, KELLY
HATCH, PAUL ANDREW
GULBRONSON, MICHAEL RILEY
MOORE, SR. , RIVERWALK PROPERTY
VENTURES, LLC, MATTHEW
DEVEREAUX, ANDREW JAMES
SORENSEN, ANTHONY GIZZI REAL
ESTATE APPRAISAL, INC. and DAVID
SAWYER,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Parties' Case Management Report (Doc. #97) filed on February 13, 2013.  Upon review of the filing, the Court notes that it requests an additional 30 days for certain *pro se* Defendants to obtain counsel, after which they reserve the right to file a motion to amend the case management report after they obtain counsel.  So that all Parties may participate in the case management conference and submission of the case

management report, the Court will strike the instant Case Management Report and allow 30 days for *pro se* Defendants to obtain counsel. After the 30 days, if there has been no entry of a notice of appearance, the Court will assume the individual Defendants are proceeding *pro se* and they must participate in the case management conference. The corporate Defendants **MUST** obtain counsel. Under Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to the Court pursuant to Local Rule 2.01 or 2.02. The rule is well established that a corporation is an artificial entity that can only be represented through its agents. Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985). It cannot appear in judicial proceedings *pro se* but must instead be represented by licensed counsel. Id. The general rule that corporations must be represented by an attorney in judicial actions applies even where the person seeking to represent the corporation is its president and/or major stock holder. Id.

The Court further notes that the dates which the Parties have proposed are far outside the recommendations provided by the Court on the case management form. The Parties shall meet and confer and come to some agreement on dates that are more in line with the recommendations provided by the Court.

Accordingly, it is now

**ORDERED:**

(1) The Parties' Case Management Report (Doc. #97) is **STRICKEN.** The Clerk of Court is directed to note on the docket that this entry is stricken. The Parties are directed to file a revised case management report on or before **March 25, 2013**. The Parties may conduct any case management conferences telephonically.

(2) A notice of appearance must be filed on behalf of the *pro se* Defendants by **March 18, 2013**. If no notice of appearance is filed, the Court will assume they are

proceeding *pro se*.  The corporate Defendants **MUST** obtain counsel.  **Failure to do so could result in default judgment being entered against it**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of February, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record