UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver of Colonial
Bank, in its own capacity and an
assignee of certain claims of Taylor,
Bean & Whitaker Mortgage Corp.

        Plaintiff,

v.                            Case No:  2:12-cv-595-FtM-38UAM

LENNAR CORPORATION, U.S.
HOME CORPORATION, NORTH
AMERICAN TITLE COMPANY,
AYLA D. BURNETT, CHARLES M.
BURNETT, PEGGY FERGUSON,
JENNIFER WHITE, JULIE WHITE,
UTAH EXCHANGE GROUP, ASPEN
HOME LOANS, LLC, KELLY
HATCH, PAUL ANDREW
GULBRONSON, MICHAEL RILEY
MOORE, SR. , RIVERWALK
PROPERTY VENTURES, LLC,
MATTHEW DEVEREAUX, ANDREW
JAMES SORENSEN, ANTHONY
GIZZI REAL ESTATE APPRAISAL,
INC. and DAVID SAWYER,

        Defendants.
_____/

**ORDER[1]**

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

This matter comes before the Court on the Defendant, Matthew Devereaux's Motion to Dismiss First Amended Complaint (Doc. #58) filed on December 12, 2012. The Plaintiffs, Taylor Bean & Whitaker Mortgage Corporation, and the FDIC (as receiver of Colonial Bank in its own capacity and assignee of certain claims from Taylor Bean and Whitaker Mortgage Corporation) (hereinafter, Taylor Bean), filed its Response in Opposition (Doc. # 86) on January 14, 2013. The case was assigned to the undersigned district judge on May 30, 2013. The Motion is ripe for review.

## FACTS

On August 15, 2008, Taylor Bean filed its first Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (State Court). On August 14, 2012, Taylor Bean moved to amend the Complaint and add the FDIC, in its capacity as receiver for Colonial Bank ("Colonial"), which was Taylor Bean's lender. Following the State Court's Order Granting Plaintiff's Motion to Amend dated October 10, 2012, Taylor Bean and the FDIC filed their First Amended Complaint (the "Amended Complaint" (Doc. # 22)) on October 30, 2012. The Amended Complaint added FDIC as a plaintiff, alleging that FDIC was proceeding "in its own capacity" as Taylor Bean's bank and as "assignee of certain claims of" Taylor Bean; however, the FDIC asserted the same claims alleged by Taylor Bean in the first complaint. The FDIC removed the case to this Court on October 31, 2012.

Ayla D Burnett, Charles M Burnett, and the Utah Exchange Group (UEG) allegedly operated a mortgage-fraud scheme whereby the Burnetts and UEG recruited passive investors to use their identities and credit profiles to apply for mortgages and purchase residential properties in a Lennar Corp./U.S. Home development known as the Terraces

at Riverwalk (Riverwalk). Taylor Bean alleges that the Burnetts through UEG targeted builders and developers who were liquidating multiple family unit developments, like Riverwalk, and who would be willing to pay large fees in connection with selling a large number of units. The fees from the sales (up to 28% of the purchase price of the units) were then used to pay off the passive investors and make monthly mortgage payments on the fraudulently purchased units for several months before the straw man buyers defaulted on the property.

Taylor Bean alleges that the Burnetts along with the Defendants Gulbronson, and Moore and UEG formed Riverwalk Properties Ventures, LLC (RPV) to receive money from Lennar Corp. and U.S. Home in connection with the passive investor purchase transactions and to conceal the source of those funds. The Amended Complaint alleges the Burnetts and UEG used RPV to enter into an agreement with the Defendants Sorenson and Devereaux to sell a large portion of the remaining Riverwalk condominium units in bulk to passive investors. None of the principals in UEG the Burnetts, Gulbronson, or Moore, were licensed realtors in Florida. The Complaint alleges the Utah Defendants used RPV and the Passive Investor Program along with the inflated credit of straw purchasers, and inflated valuations of the Riverwalk units to induce Taylor Bean into funding sham mortgage loans to finance their fraud scheme and pay themselves. (Doc. # 22, ¶¶18, 19, 34, 46, 49, 50, and 51). Taylor Bean continues that each of the Defendants here, the Burnetts and UEG knew or should have known that a mortgage lender would not make the loans in question if the actual terms and circumstances of the sales were fully disclosed.

The Amended Complaint alleges that, Patrick Devereaux, on behalf of Lennar and U.S. Home, not only agreed to participate, but served as an active and direct participant in the mortgage fraud scheme, manufacturing and providing Taylor Bean with fraudulent information, and intentionally withholding material information from Taylor Bean so that Taylor Bean would fund the loans at issue.  Devereaux was employed as the Lennar/U.S. Home Director of Sales Operations for the Riverwalk condominiums at issue in this case. (Doc. #22, ¶ 18).      In particular, the Amended Complaint alleges that Lennar, through Devereaux and Sorenson, provided Taylor Bean with written certifications indicating that the significant majority of all the Riverwalk units were owner occupied rather than rented. (Doc. #22, ¶109). Taylor Bean alleges that Devereaux furthered the alleged fraud by arranging for an appraiser to prepare appraisals of the Riverwalk Condos that would support inflated prices.  Taylor Bean further alleges that Lennar and U.S. Home, through Devereaux, took additional steps to make certain that the false valuations – which were crucial to obtaining the "stated income/stated asset" loans– were consistent with the inflated asking prices for the units. (Doc. #22, ¶ 78). Taylor Bean relied upon the false certifications which supported the higher and fraudulent valuations. (Doc. #22, ¶ 110).

Taylor Bean alleges Devereaux accomplished the deceit by giving the appraiser false information or withholding from him material information. (Doc. #22, ¶¶ 21, 85, 87-90).  Specifically, Taylor Bean states that Devereaux arranged for Defendant Sawyer, an agent of Defendant Anthony Gizzi Real Estate Appraisal, Inc., to prepare appraisals that were equal to or greater than the inflated asking prices for the Riverwalk units, because he knew the loans would not be funded and the sham Riverwalk sales would not occur as planned without the exaggerated appraisals. (Doc. #22, ¶¶ 85-88).  To that end, Taylor

Bean alleges, Devereaux led Sawyer to falsely believe that the sales contracts and sales prices had been negotiated at "arms-length" with actual purchasers, as opposed to straw purchasers; the purchases were consistent with prior Riverwalk sales activity rather than well above any recent sales or offers on Riverwalk units; sales at Riverwalk were continuing rather than declining; and that the vast majority (at one point 99%) of the Riverwalk units were owner occupied rather than rentals. (Doc. #22, ¶¶47, 90, and 91).

Taylor Bean (FDIC) brought three (3) claims against Devereaux in the Amended Complaint: Count I for fraud in the inducement against Ayla Burnett, Jenifer White, Julie White, Peggy Ferguson, and UEG; Count III for conspiracy against Ayla Burnett, Charles Burnett, Jenifer White, Julie White, Peggy Ferguson, UEG, and RPV; and Count IV for negligent misrepresentation against Ayla Burnett, Jenifer White, Julie White, Peggy Ferguson, and UEG. (Doc. # 22, ¶¶ 156–169, 185–191, 191–205).  The remaining five causes of action contain allegations against other Defendants.

<u>STANDARD OF REVIEW</u>

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).  However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions,

and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## **DISCUSSION**

Devereaux states the Amended Complaint failed as follows: (1) the Amended Complaint fails to meet the pleading standards found in Fed. R. Civ. P. 9(b) and (2) Taylor Bean failed to plead specific acts required by Fed. R. Civ. P. 8.

(1) _Whether the Amended Complaint Satisfies the Requirements of Federal Rule(9)_

Devereaux claims the Amended Complaint fails to satisfy the requirements of Fed. R. Civ. P. 9(b) because: (a) the Amended Complaint does not state with particularity the misrepresentations made by each Defendant individually, and (b) the Amended Complaint does not contain sufficient facts to establish that Devereaux had knowledge of the alleged fraud.

(a) _Whether Plaintiff Pled Specific Facts that Devereaux Acted Fraudulently_

Devereaux claims the Amended Complaint fails to contain the necessary particularity required by Rule 9 to plead fraud.

_Particularity Requirement Fed. R. Civ. P. 9(b)_

Rule 9(b) of the Federal Rules requires that claims of fraud be plead "with particularity." Fed. R. Civ. P. 9(b).  Rule 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  This "particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Daniels v. National City Mortg., 2009 WL 2590078, *1 (M.D. Fla. August 20, 2009) (quoting W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 2008 WL 2845215 (11th Cir. July 24, 2008) (internal quotations omitted). Alternatively, dismissal is warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009–10 (11th Cir.1992).

Devereaux argues that Rule 9(b) does not allow the Plaintiffs to simply set forth a theory as to how Devereaux participated in the fraud without listing the specifics of who, what, when, and how the alleged fraud was committed.   Devereaux argues that the Plaintiffs only set forth generalized allegations that he arranged for an appraiser to appraise unspecified condominium units, provide or withheld from that appraiser a few general pieces of misinformation, and signed some unidentified number of certifications concerning the status of the condominium owners, all at unspecified times and places. Thus, Devereaux argues that the claims against him should be dismissed because they are not specific.

Plaintiffs argue that less detail is required in pleading under Fed. R. Civ. P. 9(b) in cases where the transactions are more complex and that less specificity is required where numerous transactions are involved like the instant case.   In such cases, it is not necessary that the Plaintiffs describe in the Amended Complaint each specific loan transaction and identify the how, what, when, and where of each transaction in order to plead fraud sufficiently. U.S. ex. Rel. Clausen v. Laboratory Corp. of Am., Inc., 290 F.3d 1301, 1314 n.25 (11th Cir. 2002) (recognizing that relaxation of requirements of Rule 9(b) may be appropriate where a fraud is complex "to aid those alleging prolonged multi-act schemes."); P & P Marketing, Inc. v. Ditton, 746 F. Supp. 1354 1362-63 (N.D. Ill 1990).

The Eleventh Circuit has noted that because "fair notice is '[p]erhaps the most basic consideration' underlying Rule 9(b), the plaintiff who pleads fraud must 'reasonably notify the defendants of their purported role in the scheme.' " Degirmenci v. Sapphire-Fort Lauderdale, LLLP,  693 F.Supp.2d 1325, 1344 (S.D. Fla. 2010) (citing Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1381 (11th Cir.1997) (quoting

Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1020 (7th Cir.1992)). Therefore, a Plaintiff must plead fraud with sufficient details. However, Rule 9(b) must be read in conjunction with Rule 8(a) so as to not "abrogate the concept of the notice pleading." " Degirmenci, 693 F.Supp.2d at 1344 (citing Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir.1988)).

The Eleventh Circuit stated in Ziemba v. Cascade International, Inc. that: "Rule 9(b) is satisfied if the Complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." 256 F.3d 1194, 1202 (11th Cir.2001).

Contrary to Devereaux's argument, the Amended Complaint provides sufficient detailed notice and apprises Devereaux of the allegations regarding his role in the transactions comprising the alleged fraudulent scheme. As required by Rule 9(b), the Amended Complaint puts Devereaux on notice of the misconduct with which he, and each entity is charged – for example, the Amended Complaint states that Devereaux engaged in, and failed to disclose to Taylor Bean, the "Passive Investor Program" for the sixty-six (66) remaining Riverwalk properties; that Lennar and U.S. Home, through Devereaux, provided false certificates of occupancy to Taylor Bean, and Lennar and U.S. Home, through Devereaux, arranged for inflated appraisals to be provided to Taylor Bean. (Doc. #22, ¶¶ 85-88).

Taylor Bean alleges Devereaux accomplished the deceit by giving the appraiser false information or withholding from him material information about the true value of the Riverwalk properties. (Doc. #22, ¶¶ 21, 85, 87-90).  The Amended Complaint alleges that Devereaux provided Taylor Bean with written certifications indicating that the significant majority of all the Riverwalk units were owner occupied rather than rented. (Doc. #22, ¶109). Taylor Bean alleges that Devereaux furthered the alleged fraud by arranging for an appraiser to prepare appraisals of the Riverwalk Condos that would support inflated prices. (Doc. #22, ¶¶ 85-88).   Taylor Bean additionally alleges that Lennar and U.S. Home, through Devereaux, took additional steps to make certain that the false valuations – which were crucial to obtaining the "stated income/stated asset" loans– were consistent with the inflated asking prices for the units. (Doc. # 22, ¶ 78). Taylor Bean relied upon the false certifications which supported the higher and fraudulent valuations. (Doc. #22, ¶ 110).  Thus, Taylor Bean has sufficiently satisfied the particularity requirements of Fed. R. Civ. P. 9(b) and put Devereaux on notice of his role the statement and/or actions he took to help perpetrate the alleged fraud.

(b) *Whether the Amended Complaint Sufficiently Alleged Facts to Establish that Devereaux had Knowledge of the Alleged Fraud*

The Defendant Devereaux argues that the Amended Complaint fails to allege he had actual knowledge of any alleged fraudulent activity.   Contrary to Devereaux's position, there are substantial factual allegations regarding Devereaux's agreement to participate in the scheme and specific actions he undertook in furtherance of that scheme. The Amended Complaint states that Devereaux provided false and misleading information to Sawyer to obtain inflated appraisals in order to obtain higher purchase

prices and certified that most of the units were "owner occupied" when he had actual knowledge that the statement was false, the purchase prices were consistent with Riverwalk sales activity, the purchase prices were the result of arms-length negotiations and that there were continuing sales at Riverwalk. (Doc. #22, ¶ 90).

Additionally, the Amended Complaint states that Devereaux specifically withheld and did not disclose that the sales of the Riverwalk units were being made pursuant to an agreement with the Burnetts, Gulbronson, Moore and RPV, that RPV was being paid a commission or fee equal to 28% of the purchase price, the purchasers were passive investors in a scheme operated by the Burnetts, and UEG, sales activity had declined throughout 2006, and the Riverwalk units were being sold as part of Lennar's plan to unload standing inventory and generate cash to end the fiscal year. (Doc. #22, ¶ 91). Thus, taking the allegations as true, the Amended Complaint establishes that Devereaux had sufficient knowledge of the fraudulent acts.

### (2) *Whether the Complaint Violates Fed. R. Civ. P. 8*

The Defendant argues the Amended Complaint violates Fed. R. Civ. P. 8 because it is a shotgun pleading. The Eleventh Circuit has held that a complaint which "lumps multiple claims together in one count and, moreover, appears to support a specific, discrete claim with allegations that are immaterial to that claim" is a shot gun pleading. Ledford v. Peeples, 657 F.3d 1222, 1239 (11th Cir.2011). Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10, provides: "If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count...." Fed. R. Civ. P. 10(b). Rules 8 and 10 work together "to require the pleader to

present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir.1996) (citation omitted).  Further courts have held that a party may include in a single count all theories of recovery so long as those theories are all premised on the same facts. Woodburn v Florida Dep't. of Children & Families Servs., 859 F. Supp. 2d 1305, 1310 (S.D. Fla. 2012).

Here the Plaintiff's claims are succinctly laid out in numbered paragraphs with each claim   separately detailed to the particular Defendant.  While some claims apply to more than one Defendant, the Amended Complaint does not lump multiple claims together in one count.   The Amended Compliant sets forth the actual allegations that apply to Devereaux alleging: (1) he could not sell the Riverwalk units at prices even well below the asking price; (2) wanted to eliminate inventory for cash before year end; entered sales contracts with straw purchasers for all the remaining Riverwalk units; (3) falsified certificates of occupancy to misrepresent the value of the Riverwalk units and provided those to Taylor Bean; (4) arranged for inflated appraisals to obtain financing from Taylor Bean by providing false information and withholding information from the appraisers; (5) declined to use their own lending institution for the loans; (6) selected a related title agent that would not question improprieties in the closings; (7) certified false HUD-1s; and (8) agreed to pay exorbitant brokerage fees of 28% to a non-broker entity, whose principals arranged for the sales to the straw purchasers.

Thus, the Amended Complaint gives Devereaux sufficient information to put him on notice of the factual basis for the claims against him and what relief the Plaintiff is seeking.  Therefore, the Amended Complaint complies with the requirements of Fed. R. Civ. P. 8.

## **CONCLUSION**

The Amended Complaint provides a sufficient factual basis for the claims against the Defendant Devereaux and complies with Fed. R. Civ. P. 8.  Therefore, the Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED:**

The Defendant, Matthew Devereaux's Motion to Dismiss First Amended Complaint (Doc. #58) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of January, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record