UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver of Colonial
Bank, in its own capacity and an
assignee of certain claims of Taylor,
Bean & Whitaker Mortgage Corp.

      Plaintiff,

v.                                            Case No: 2:12-cv-595-FtM-38UAM

LENNAR CORPORATION, U.S.
HOME CORPORATION, NORTH
AMERICAN TITLE COMPANY,
AYLA D. BURNETT, CHARLES M.
BURNETT, PEGGY FERGUSON,
JENNIFER WHITE, JULIE WHITE,
UTAH EXCHANGE GROUP, ASPEN
HOME LOANS, LLC, KELLY
HATCH, PAUL ANDREW
GULBRONSON, MICHAEL RILEY
MOORE, SR. , RIVERWALK
PROPERTY VENTURES, LLC,
MATTHEW DEVEREAUX, ANDREW
JAMES SORENSEN, ANTHONY
GIZZI REAL ESTATE APPRAISAL,
INC. and DAVID SAWYER,

      Defendants.
_____/

**ORDER[1]**

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

This matter comes before the Court on the Defendants, Anthony Gizzi Real Estate Appraisal, Inc. and David Sawyer's (Appraisal Defendants) Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #67) filed on December 20, 2012.  The Plaintiff filed its Response in Opposition (Doc. #92) on January 30, 2013.  The case was assigned from the unassigned docket to the undersigned District Judge on May 30, 2013.  The Motion is ripe for the Court's review.

## **FACTS**

On August 15, 2008, Taylor Bean filed its first Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (State Court). On August 14, 2012, Taylor Bean moved to amend the first complaint to add FDIC, in its capacity as receiver for Colonial Bank ("Colonial"), which was Taylor Bean's lender.  Following the State Court's Order Granting Plaintiff's Motion to Amend dated October 10, 2012, Taylor Bean and the FDIC filed their First Amended Complaint (the "Amended Complaint" (Doc. # 22)) on October 30, 2012. The First Amended Complaint added FDIC as a plaintiff, alleging that FDIC was proceeding "in its own capacity" as Taylor Bean's bank and as "assignee of certain claims of" Taylor Bean; however, the FDIC asserted the same claims alleged by Taylor Bean in the first complaint. The FDIC removed the case to this Court on October 31, 2012.

Ayla D Burnett, Charles M Burnett, and the Utah Exchange Group (UEG) operated a mortgage-fraud scheme whereby the Burnetts and UEG recruited passive investors to use their identities and credit profiles to apply for mortgages and purchase residential properties in a Lennar Corp./U.S. Home development known as the Terraces at Riverwalk (Riverwalk). Taylor Bean alleges that the Burnetts through UEG targeted builders and

2

developers who were liquidating multiple family unit developments, like Riverwalk, and who would be willing to pay large fees in connection with selling a large number of units. The fees from the sales (up to 28% of the purchase price of the units) were then used to pay off the passive investors and make monthly mortgage payments on the fraudulently purchased units for several months before the straw man buyers defaulted on the property.

Taylor Bean alleges that the Burnetts along with the Defendants Gulbronson, and Moore and UEG formed Riverwalk Properties Ventures, LLC (RPV) to receive money from Lennar Corp. and U.S. Home in connection with the passive investor purchase transactions and to conceal the source of those funds. The Amended Complaint alleges the Burnetts and UEG used RPV to enter into an agreement with the Defendants Sorenson and Devereaux to sell a large portion of the remaining Riverwalk condominium units in bulk to passive investors. None of the principals in UEG the Burnetts, Gulbronson, or Moore, were licensed realtors in Florida. The Amended Complaint alleges that the Utah Defendants used RPV and the Passive Investor Program along with the inflated credit of straw purchasers, and inflated valuations of the Riverwalk units to induce Taylor Bean into funding sham mortgage loans to finance their fraud scheme and pay themselves. (Doc. # 22, ¶¶18, 19, 34, 46, 49, 50, and 51).  Taylor Bean continues that each of the Defendants here, the Burnetts and UEG knew or should have known that a mortgage lender would not make the loans in question if the actual terms and circumstances of the sales were fully disclosed.

The Amended Complaint alleges that, Patrick Devereaux, on behalf of Lennar and U.S. Home, not only agreed to participate, but served as an active and direct participant

in the mortgage fraud scheme, manufacturing and providing Taylor Bean with fraudulent information, and intentionally withholding material information from Taylor Bean so that Taylor Bean would fund the loans at issue. Devereaux was employed as the Lennar/U.S. Home Director of Sales Operations for the Riverwalk condominiums at issue in this case. (Doc. #22, ¶ 18). In particular, the Amended Complaint alleges that Lennar, through Devereaux and Sorenson, provided Taylor Bean with written certifications indicating that the significant majority of all the Riverwalk units were owner occupied rather than rented. (Doc. #22, ¶109). Taylor Bean alleges that Devereaux furthered the alleged fraud by arranging for an appraiser to prepare appraisals of the Riverwalk Condos that would support inflated prices. Taylor Bean further alleges that Lennar and U.S. Home, through Devereaux, took additional steps to make certain that the false valuations – which were crucial to obtaining the "stated income/stated asset" loans– were consistent with the inflated asking prices for the units. (Doc. #22, ¶ 78). Taylor Bean relied upon the false certifications which supported the higher and fraudulent valuations. (Doc. #22, ¶ 110).

Taylor Bean alleges Devereaux accomplished the deceit by giving the appraiser (Sawyer) false information or withholding from him material information. (Doc. #22, ¶¶ 21, 85, 87-90). Specifically, Taylor Bean states that Devereaux arranged for Defendant Sawyer, an agent of Defendant Anthony Gizzi Real Estate Appraisal, Inc., to prepare appraisals that were equal to or greater than the inflated asking prices for the Riverwalk units, because he knew the loans would not be funded and the sham Riverwalk sales would not occur as planned without the exaggerated appraisals. (Doc. #22, ¶¶ 85-88). To that end, Taylor Bean alleges, Devereaux led Sawyer to falsely believe that the sales contracts and sales prices had been negotiated at "arms-length" with actual purchasers,

4

as opposed to straw purchasers; the purchases were consistent with prior Riverwalk sales activity rather than well above any recent sales or offers on Riverwalk units; sales at Riverwalk were continuing rather than declining; and that the vast majority (at one point 99%) of the Riverwalk units were owner occupied rather than rentals. (Doc. #22, ¶¶47, 90, and 91).

Taylor Bean (FDIC) brought one (1) count for negligence against Sawyer and Gizzi Real Estate Appraisal in the Amended Complaint in Count VII. The remaining causes of action contain allegations against other Defendants.

## DISCUSSION

The Appraisal Defendants argue that the Amended Complaint fails to plead the allegations in separate and distinct claims and instead comingle the defendants and the subject mortgages into a single cause of action in violation of Fed. R. Civ. P 8 and 10, and (2) the claim fails to assert essential elements under Florida's negligence law.

### (1) Whether the Amended Complaint Fails to Comply with Federal Pleading Requirements

The Appraisal Defendants argue that the Amended Complaint is a shotgun pleading that violates Fed. R. Civ. P 8 and 10(b) because the alleged mortgage claims are not separated into individual claims for each separate allegation of fraud.

The Eleventh Circuit has held that a complaint which "lumps multiple claims together in one count and, moreover, appears to support a specific, discrete claim with allegations that are immaterial to that claim" is a shot gun pleading. Ledford v. Peeples, 657 F.3d 1222, 1239 (11th Cir.2011). Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10, provides: "If doing so would promote clarity, each claim founded

on a separate transaction or occurrence ... must be stated in a separate count...." Fed. R. Civ. P. 10(b). Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne*,* 79 F.3d 1079, 1082 (11th Cir.1996) (citation omitted).

Here the Plaintiff's claim against the Appraisal Defendants is succinctly laid out in numbered paragraphs with Count VII separately detailed to the particular alleged negligence claim against the Appraisal Defendants. While some claims in the Amended Complaint do apply to more than one Defendant, the Amended Complaint does not lump multiple claims together in one count. Further a party may include in a single count all theories of recovery so long as those theories are all premised on the same facts. Woodburn v Florida Dep't. of Children & Families Servs., 859 F. Supp. 2d 1305, 1310 (S.D. Fla. 2012). Here, all of the 132 alleged fraudulent loan applications involving the Riverwalk units arose from the same set of facts and circumstances.

Thus, the Amended Complaint provides the Appraisal Defendants with sufficient information to put them on notice of the factual basis for the negligence claim against them and what relief the Plaintiff is seeking. Therefore, the Amended Complaint complies with the requirements of Fed. R. Civ. P. 8 and 10.

### (2) *Whether the Amended Complaint Alleges a Claim Under Florida's Negligence Law*

The Appraisal Defendants argue that although labeled as a cause of action for negligence, Plaintiffs' claim against the Appraiser Defendants constitutes a claim for

6

negligent misrepresentation, governed by the Restatement (Second) of Torts, §552, which sets forth the duties of an appraiser with whom the plaintiff has no contractual privity. The Plaintiff responds that the Amended Complaint sufficiently pleads the essential elements of their negligence claim and further that Restatement of Torts § 552 is not the equivalent of negligent misrepresentation claim.

> The Restatement of Torts § 552 provides in pertinent part:
>
> (1) One who, in the course of his business, profession or employment, or any other transaction in which he has pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
>
> (3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

The Appraisal Defendants argue that the claim of negligence sounds in negligent misrepresentation and that under tenants of negligent misrepresentation the allegations that the Appraisal Defendants made false statements must be pled with particularity. The Appraisal Defendants argue that the Amended Complaint lacks sufficient particularity to support a claim of fraud or negligent misrepresentation. The Appraisal Defendants state

the Amended Complaint is "devoid of (1) any factual allegations regarding any deficiencies with the appraisals; (2) any factual allegations that anyone at TBW or Colonial saw or relied on the appraisals;(3) any factual allegations as to who and when anyone at TBW or Colonial saw or relied on the appraisals; (4) any factual allegations that the Appraiser Defendants knew or should have known of any deficiencies with the appraisals; (5) any factual allegations as to what the Appraiser Defendants obtained as a consequence of the fraud; or (6) any factual support that TBW or Colonial justifiably relied on the appraisals." (Doc. #67, p. 12). Thus, the Appraisal Defendants argue that the Plaintiffs fail to allege essential elements of their claim.

Taylor Bean states that contrary to the Appraisal Defendants argument, they relied on the information provided by the Defendant Appraisers, who provided the false inflated appraisals in the course of their business. (Doc. # 22, ¶¶ 85-86). The Defendant Appraisers provided false information in that they misrepresented the value of the Riverwalk units. (Doc. # 22, ¶ 96). Taylor Bean alleges that the Defendant Appraisers intended for Taylor Bean and Colonial to rely on the information they provided regarding the value of the Riverwalk condominiums. (Doc. #22, ¶¶ 93-94, 97-99, 229). Finally, Taylor Bean argues that they suffered harm by relying on the information provided in the appraisals. (Doc. # 22, ¶¶ 141, 229, and 232).

Taking the allegations in the Amended Complaint as true, the Motion to Dismiss is due to be denied. The Appraisal Defendants were clearly acting in their roles as professional property appraisers when they provided the information to Taylor Bean and thereby to Colonial Bank (FDIC). Taylor Bean clearly relied on the information using it to support the loans that were given in purchasing the sixty-six (66) Riverwalk units. The

Riverwalk units were foreclosed, and therefore Taylor Bean and Colonial (FDIC) suffered harm. Therefore, the Amended Complaint provides sufficient information to support a negligence claim against the Appraisal Defendants under Florida law.

### CONCLUSION

Upon review of the Parties Memoranda of Law, the Court finds that the Amended Complaint complies with the Federal Rules of Civil Procedure and sufficiently provides enough to support a claim for negligence under Florida law. Therefore, the Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED:**

The Defendants, Anthony Gizzi Real Estate Appraisal, Inc. and David Sawyer's Motion to Dismiss Plaintiff's First Amended Complaint ([Doc. #67](Doc. #67)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of January, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record