UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver of Colonial Bank, in its own capacity and an assignee of certain claims of Taylor, Bean & Whitaker Mortgage Corp.

      Plaintiff,

v.

Case No: 2:12-cv-595-FtM-38CM

LENNAR CORPORATION, U.S. HOME CORPORATION, NORTH AMERICAN TITLE COMPANY, AYLA D. BURNETT, CHARLES M. BURNETT, PEGGY FERGUSON, JENNIFER WHITE, JULIE WHITE, UTAH EXCHANGE GROUP, ASPEN HOME LOANS, LLC, KELLY HATCH, PAUL ANDREW GULBRONSON, MICHAEL RILEY MOORE, SR. , RIVERWALK PROPERTY VENTURES, LLC, MATTHEW DEVEREAUX, ANDREW JAMES SORENSEN, ANTHONY GIZZI REAL ESTATE APPRAISAL, INC. and DAVID SAWYER,

      Defendants.
_____/

**ORDER[1]**

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

This matter comes before the Court on the Plaintiff, Federal Deposit Insurance Corporation (FDIC), as receiver for Colonial Bank and Taylor Bean & Whitaker Plan Trust's Unopposed Motion for Dismissal with Prejudice (Doc. #201) filed on June 19, 2015. Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a) (2)." Pontenberg v. Boston Sci. Corp._, 252 F.3d 1253, 1255 (11th Cir.2001). A "voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Id. (internal quotation marks omitted).

The Plaintiff now moves to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a) (2)." Pontenberg v. Boston Sci. Corp._, 252 F.3d 1253, 1255 (11th Cir.2001). A "voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Id. (internal quotation marks omitted).

In this instance, all claims have been settled with all Defendants.  The Plaintiff asserts that all Parties have executed Settlement and Release Agreements, each Party will bear their own attorney's fees and costs.  Finally, the order of dismissal is necessary to effectuate the dismissal in accord with the terms of the agreement of all Parties involved.  In addition, the Plaintiff requests that the Court maintains jurisdiction over the

case for thirty (30) days to enforce the terms of the settlement agreement. Based upon the Court's knowledge of the proceedings in the case, the Court finds good cause to grant the motion and dismiss the case with prejudice.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Federal Deposit Insurance Corporation, as receiver for Colonial Bank and Taylor Bean & Whitaker Plan Trust's Unopposed Motion for Dismissal with Prejudice ([Doc. #201](Doc. #201)) is **GRANTED**.

(1) The case is **DISMISSED** with prejudice.

(2) The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and deadlines and close the case.

(3) The Court will maintain jurisdiction over the case until **July 22, 2015,** to enforce the terms of the Settlement Agreement.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record